**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ANTWAN L. LEWIS,**

  **Petitioner,**

  **v.**

**UNITED STATES OF AMERICA,**

  **Respondent.**

         **CRIMINAL CASE NO. 2:07-CR-223(2)**
         **CIVIL CASE NO. 2:12-CV-187**
         **Judge Algenon L. Marbley**
         **Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the instant motion, Respondent's *Return of Writ*, Petitioner's *Response and Reply,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the motion be **DENIED** and this action be **DISMISSED**.

**Facts and Procedural History:**

Petitioner's underlying conviction on conspiracy to possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) resulted from his March 5, 2008 negotiated *Plea Agreement*. (ECF No. 52.) In a *Judgment* filed on September 8, 2008, the Court imposed 120 months incarceration and five years supervised release. Doc. No. 74. Petitioner did not file an appeal.

On November 25, 2011, Petitioner filed a *Motion Requesting Permission to File a § 2255 Motion Out of Rule*. (ECF No. 102.) On February 29, 2012, Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. He asserts that he is innocent of the charge against him, was denied effective assistance of counsel, and that his guilty plea was not knowing, intelligent

or voluntary because his attorney wrongly advised him to enter a guilty plea when the Government lacked the ability to establish this charge against him.

It is the position of the Respondent that this action is barred by the one-year statute of limitations and that, in any event, Petitioner's claims fail to provide a basis for relief.

**Statute of Limitations:**

28 U.S.C. § 2255(f) provides for a one-year statute of limitations in connection with the filing of federal habeas corpus petitions, stating as follows:

> A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not file an appeal after entry of judgment and conviction. Therefore, his conviction became final under § 2255(f)(1) on September 18, 2008, that is ten days after it was entered, when the time period expired to file an appeal.  *See Sanchez–Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004).  Under § 2255(f)(1), the statute of limitations expired one year later on September 18, 2009.  Petitioner waited until November 20, 2011, to sign his request for permission to pursue § 2255 proceedings.  (*See* ECF No. 102.)

Petitioner, however, argues that he is actually innocent because the United States Court of Appeals for the Sixth Circuit reversed the conviction of Robert Shull, Petitioner's co-defendant, on conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846.  In the Shull case, the Court of Appeals determined that the government had failed to introduce sufficient evidence to sustain Shull's conviction on this charge.  Petitioner pleaded guilty to the same offense of conspiracy to possess with intent to distribute crack cocaine, he contends that the evidence likewise cannot constitutionally sustain his conviction on this charge. Moreover, he now asserts that he was denied effective assistance of counsel because his attorney advised him to plead guilty to the charge pursuant to a plea agreement.

Even assuming that the statute of limitations did not begin to run under § 2255(f)(4) until Petitioner discovered the factual basis for his claim, this action is still untimely.  The statute of limitations began to run on October 8, 2009 when the Court of Appeals reversed Shul's conviction. Under such scenario, the statute of limitations expired October 8, 2010.  Petitioner waited until November 20, 2011-- almost two years after the decision of the Sixth Circuit-- to request for permission to pursue § 2255 proceedings.  (*See* ECF No. 102.)

Petitioner nonetheless contends his habeas corpus petition is timely in view of his actual innocence of the charge to which he entered a guilty plea.  (*See Petitioner's Response*, ECF No. 105.)  Petitioner argues that the record contains an insufficient factual basis for his guilty plea and that new evidence, *i.e.,* the reversal of Shull's conviction, supports his actual innocence on conspiracy to distribute cocaine.  (*See Petitioner's Reply*, ECF No. 106.)  The Court does not find this argument persuasive.

The statute of limitations may be equitably tolled "when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence."  *Cabella v. United States*,

3

Nos. 1:03-cr-207; 1:10-cv-48, 2012 WL 11268, at *4 (E.D. Tenn. Jan. 12, 2012)(citations

omitted).

> [I]f a habeas petitioner "presents evidence of innocence so strong
> that a court cannot have confidence in the outcome of the trial
> unless the court is also satisfied that the trial was free of
> nonharmless constitutional error, the petitioner should be allowed
> to pass through the gateway and argue the merits of his underlying
> claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Thus, the
> threshold inquiry is whether "new facts raise[ ] sufficient doubt
> about [the petitioner's] guilt to undermine confidence in the result
> of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual
> innocence, "a petitioner must show that it is more likely than not
> that no reasonable juror would have found petitioner guilty beyond
> a reasonable doubt." . . . *Id.* at 327, 115 S.Ct. 851. The Court has
> noted that "actual innocence means factual innocence, not mere
> legal insufficiency." *Bousley v. United* States, 523 U.S. 614, 623,
> 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a
> claim requires petitioner to support his allegations of constitutional
> error with new reliable evidence—whether it be exculpatory
> scientific evidence, trustworthy eyewitness accounts, or critical
> physical evidence—that was not presented at trial." *Schlup,* 513
> U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the
> actual innocence exception should "remain rare" and "only be
> applied in the 'extraordinary case.' " *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones,* 355 F.3d 577, 589-90 (6th Cir. 2005) (footnote omitted).

Petitioner made a knowing, intelligent and voluntary waiver of his right to a jury trial,

and admitted his guilt of the offense charged.  He indicated he understood the nature and

meaning of the offense, and that he had discussed the charges and any defenses with his attorney.

*Guilty Plea Transcript*, PageID #868.  The District Court explained the elements of the offense,

and Petitioner indicated he understood.  PageID #869.  The Assistant United States Attorney

explained the facts of the charges as follows:

> On or about January 20th of 2007, Columbus police officers
> observed a blue four-door Saturn driven by Antwan Lewis and
> occupied by a Robert Shull. The vehicle was registered to Lewis'
> girlfriend Kenya Shuras. Officers familiar with Shull had
> knowledge that Shull had an outstanding warrant for driving

4

> without a license. Officers observed the vehicle enter a parking lot
> and pull into a parking space. The officers approached the vehicle
> to arrest Shull on the warrant. During the course of arresting Shull,
> officers observed a baggie of suspected marijuana in plain view in
> the center console. The officers conducted a search of the vehicle
> based upon the suspected marijuana and located over 50 grams of
> suspected crack cocaine between the front passenger's seat and the
> center console. The officers stated that the suspected crack cocaine
> would have been visible to both the driver and the passenger of the
> vehicle.  Lewis was detained at the scene and found to have
> approximately $2,900 in U.S. currency on his person. The
> aforementioned quantity of currency is sufficient to purchase
> and/or receive in exchange for an amount of crack cocaine located
> -- the amount of crack cocaine located in the vehicle. Shull was
> arrested on an outstanding warrant and Lewis was later arrested at
> the scene of -- was released the scene pending further action.  The
> suspected crack cocaine was tested and found to be 52.9 grams of
> cocaine base. These violations occurred in the city of Columbus,
> Franklin County, Southern District of Ohio.

PageID #876-77.  Petitioner agreed with those facts.  PageID #877-78.  He admitted his guilt to the charge.  PageID #878.

A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan,* 426 U.S. 637, 648 (1976).  As the Supreme Court has emphasized:

> [T]he representations of the defendant, his lawyer, and the
> prosecutor at [a guilty plea proceeding], as well as any findings
> made by the judge accepting the plea, constitute a formidable
> barrier in any subsequent collateral proceedings. Solemn
> declarations in open court carry a strong presumption of verity.
> The subsequent presentation of conclusory allegations unsupported
> by specifics is subject to summary dismissal, as are contentions
> that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73–75 (1977).  Additionally, "a voluntary and unconditional plea of guilty generally waives any nonjurisdictional claims that arose before the plea[.]"  *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).

Petitioner maintains that his own conspiracy conviction must be overturned because the Court of Appeals overturned his co-conspirator's conviction.  He cites no legal authority supporting this supposition.  The fact that the Court of Appeals concluded the United States failed to establish a sufficient basis for Petitioner's co-defendant's conviction does not mean that Petitioner's conviction likewise is invalid.  Indeed, it does not establish Petitioner's actual innocence so as to justify equitable tolling of the statute of limitations.  Petitioner knowingly, intelligently and voluntarily waived his right to a jury trial and admitted his guilt to the offense charged.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that the Petitioner's motion to vacate, set aside, or correct be **DENIED** and this action be **DISMISSED** as barred by the one-year statute of limitations.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report*

*and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).

  The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

     **s/ Elizabeth A. Preston Deavers**
     **Elizabeth A. Preston Deavers**
     **United States Magistrate Judge**

**Date:  November 18, 2013**