IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANTWAN LEWIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL CASE NO. 2:07-CR-223(2)
CIVIL CASE NO. 2:12-CV-187
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Petitioner's February 10, 2014, Motion for Reconsideration pursuant to Rule 59(e)[1] of the Federal Rules of Civil Procedure, seeking relief

---

[1] Rule 59 of the Federal Rules of Civil Procedure provides:

(a) In General.

    (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:

        (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

        (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

    (2) Further Action After a Nonjury Trial. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

    (b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

    (c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

    (d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.

1

from the January 9, 2014, *Final Judgment* dismissing the instant § 2255 petition without consideration of Petitioner's *Objection*.

For the reasons that follow, Petitioner's *Motion for Reconsideration* (ECF No. 117) is **GRANTED.** This Court hereby **VACATES** the *Final Judgment* of dismissal entered on January 9, 2014. (ECF No. 116.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's *Objection* (ECF No. 114) is **OVERRULED.** The *Report and Recommendation* (ECF No. 112) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

## I. PROCEDURAL HISTORY

On November 18, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. On December 17, 2013, the docket indicates that Petitioner filed a *Motion in Opposition of the Magistrate Judge's Report and Recommendation*, which this Court construes as an *Objection* to the Magistrate Judge's *Report and Recommendation*. On January 9, 2014, *Final Judgment* was entered dismissing this action without consideration of Petitioner's *Objection*.

Although objections to the Magistrate Judge's *Report and Recommendation* were due on December 5, 2013, Petitioner has filed a *Motion for Reconsideration of Final Judgment* indicating that, on December 9, 2013, he submitted his *Objection* to prison officials for mailing, but prison officials did not mail his *Objection* until December 11, 2013. In support, Petitioner

---

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Such a motion may be granted where there is a clear error of law, newly discovered evidence, an intervening change in the controlling law, or to prevent manifest injustice. *Hague v. United States*, No. 1:05-cr-182, 2011 WL 1496665, at *1 (N.D. Ohio April 19, 2011) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999).

has attached a document entitled "USPS Tracking" which appears to indicate that a delivery of a document on December 11, 2013, with an expected arrival date of December 16, 2013.[2] (See PageID #971.) This Court will assume that Petitioner's *Objection* is timely for purposes of review of Petitioner's *Objection,* and vacate the *Final Judgment* of dismissal because the Court did not consider the *Objection* in entering judgment. For this reason, Petitioner's Motion for Reconsideration is **GRANTED**. The Court, therefore, considers Petitioner's *Objection* for purposes of the following analysis.

The case involves Petitioner's September 8, 2008 conviction and sentence on conspiracy to possess with intent to distribute crack cocaine, made pursuant to his guilty plea under the terms of his March 5, 2008, *Plea Agreement.* (ECF No. 52.) Petitioner did not file an appeal. On November 25, 2011, Petitioner filed in this Court *a Motion Requesting Permission to File a § 2255 Motion Out of Rule.* (ECF No. 102.) On February 29, 2012, Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, asserting that he is actually innocent of the charge against him, was denied the effective assistance of counsel, and that his guilty plea was not knowing, intelligent or voluntary because his attorney wrongly advised him to plead guilty despite the Government's lack of evidence to establish the charge. (ECF No. 103.) On November 18, 2013, the Magistrate Judge recommended dismissal of Petitioner's *Motion* as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f) and alternatively, as without merit. (ECF No. 112.)

## II.  OBJECTIONS

Petitioner objects to the Magistrate Judge's recommendation. Petitioner again contends that, under 28 U.S.C. § 2255(f)(4), the statute of limitations did not begin to run until October 8,

---

[2] Petitioner indicates that he also has attached a "certified receipt" indicating that he submitted his *Objection* to prison officials on December 9, 2013, but the Court is unable to find this document in the record.

2009, the date that the United States Court of Appeals for the Sixth Circuit reversed the conviction of Robert Shull, Petitioner's co-defendant, on conspiracy to possess with intent to distribute crack cocaine. In that appeal, the Sixth Circuit concluded that the government had failed to introduce sufficient evidence to sustain Shull's conviction on the conspiracy charge.

The Magistrate Judge correctly determined that, under these circumstances, this action remains untimely. Even if the Court accepts Petitioner's proposition that the statute of limitations did not begin to run until the Court of Appeals reversed Shull's conviction on October 8, 2009, the statute of limitations would have expired on October 9, 2010. Here, Petitioner waited more than one year later, until November 2011, to file his request to file a habeas corpus petition.

Petitioner argues, however, that he actually filed this § 2255 motion on December 17, 2010, when he filed a habeas corpus petition under 28 U.S.C § 2241 in the United States District Court for the Northern District of West Virginia, where he was incarcerated. In support of this argument, Petitioner argues that he raises the same claims here as he did in his prior federal habeas corpus petition. See *Antwan L. Lewis v. Terry O'Brien*, Civil Case No. 2:10-cv-137 (N.D. Va.) The Virginia District Court dismissed his § 2241 petition as improperly filed under that statute. The Virginia Court held that Petitioner had failed to satisfy the requirements of the "savings clause," which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

Construing the filing dates in the light most favorable to Petitioner, as he requests, this action still is untimely.[3] The statute of limitations began to run on October 8, 2009 and expired on October 8, 2010-- one year from the date of the Sixth Circuit's decision overruling the conviction of the co-defendant, Shull. *See United States v. Shull*, 349 F. App'x. 18, unpublished, 2009 WL 3294874 (6th Cir. Oct. 8, 2009). Petitioner waited until December 17, 2010 to file his § 2241 petition in the Northern District of West Virginia.

Petitioner further contends that, under *Easterwood v. Champion*, 213 F.3d 1321 (10th Cir. 2000), this action must be construed as timely. In *Easterwood*, the United States Court of Appeals for the Tenth Circuit held, whether a prisoner exercises "due diligence" under 28 U.S.C. 2255(f)(4), must be considered from the date an opinion became accessible in the prison law library, not the date the opinion was issued. *Id.* at 1323. The Tenth Circuit explained as follows:

> Unlike the general population which has greater access to court opinions, prisoners must rely exclusively upon the prison law library to discover information contained in new cases. Holding that a prisoner could with "due diligence" discover information related in a case before the prison law library has access to a copy of the opinion simply ignores the reality of the prison system.

*Id.* Petitioner has attached documents in support of his assertion that indicate he was placed in "administrative segregation" during the time period at issue here. *See Exhibit B* to Petitioner's *Objection.* (ECF No. 114.)

From the documentation Petitioner provides, it does not appear he was in segregation from the entire period the statute was running until he filed his § 2241 petition, that is, from October 9, 2009 until December 16, 2010. Petitioner represents he was in segregation from

---

[3] The Court notes that the United States District for the Northern District of West Virginia did not explicitly construe Petitioner's § 2241 petition as one brought under § 2255. Even if the prior filing is considered a petition under 28 U.S.C. § 2255, this action nonetheless is not subject to the proscriptions of second or successive motions under 28 U.S.C. § 2255(h)(1), (2). Petitioner was neither warned of the restrictions on the filing of successive habeas corpus petitions, nor given the opportunity to amend or withdraw his pleadings. *Castro v. United States,* 540 U.S. 373, 382-83. (2003).

August 29, 2010 to December 9, 2011.[4] Even accepting this statement as true, and applying *Easterwood*, which is a non-binding case from another circuit, Petitioner still did not exercise the requisite due diligence to discover the outcome in his co-defendant's case in the interim.

Putting the statute of limitations issue aside, for the reasons addressed in the Magistrate Judge's *Report and Recommendation,* Petitioner has failed to persuade this Court that federal habeas corpus relief is warranted. The record does not indicate that Petitioner is actually innocent, as that term has been defined for purposes of habeas relief. S*ee Souter v. Jones*, 398 F.3d 577, 589-90 (6th Cir. 2005) ("To establish actual innocence, 'a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). Nor does the record reflect that the Government lacked a sufficient factual basis for his plea, or that his unsupported allegations of ineffective assistance provide a basis for relief.

For the foregoing reasons, Petitioner's *Motion for Reconsideration* (ECF No. 117) is **GRANTED.** This Court hereby **VACATES** the *Final Judgment* of dismissal. (ECF No. 116.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's *Objection* (ECF No. 114) is **OVERRULED.** The *Report and Recommendation* (ECF No. 112) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.** The Clerk is **DIRECTED** to re-enter judgment accordingly.

**IT IS SO ORDERED**.

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

---

[4] The Court is unable to discern from the documentation provided that Petitioner was in segregation until December 9, 2011. The record indicates a work change from the date of a documented incident of August 29, 2010 until *February* 10, 2011. *Exhibit B.*